IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
CIVIL DIVISION

DONALD T. SNEED AND
ESTEE ANN SNEED, Husband and Wife                              PLAINTIFFS

VS.                    CASE NO. 35CV-16- *451* - *2*

DISCOVER BANK,
HENRY "GUS" ALLEN, AND
LORI E. WITHROW, individually and
d/b/a ALLEN & WITHROW,
ATTORNEYS AT LAW,
and John Does 1-10                                             DEFENDANTS

## COMPLAINT

Come now Plaintiffs, Donald T. Sneed and Estee Ann Sneed, husband and wife,

by and through their attorneys, Baim, Gunti, Mouser, and Worsham, PLC, and for their

Complaint against Discover Bank, Henry "Gus" Allen and Lori Withrow, individually and

d/b/a Allen and Withrow, Attorneys at Law and John Does 1-10, state:

## STATEMENT OF JURISDICTION

1.      This claim is brought pursuant to this Court's jurisdiction over negligence

and other statutory and common law causes of action and concurrent jurisdiction for

violations of the Arkansas Fair Debt Collection Practices Act (hereinafter AFDCPA; A.C.A.

§ 17-24-501, et seq.) and the federal Fair Debt Collection Practices Act (hereinafter

FDCPA; 15 U.S.C. § 1692 et seq., and 28 U.S.C. § 1337).

2.      This action arises out of the Defendant Discover Bank's repeated invasion(s)

of personal and financial privacy, malicious prosecution, abuse of process, and negligence

regarding illegal efforts to collect a consumer debt.

3.      Further, this action arises out of Defendants Henry "Gus" Allen's and Lori

1

FILED IN MY OFFICE AND SUMMONS
ISSUED AT 2:30 O'CLOCK P M
Aug 02, 2016 DATE
LAFAYETTE WOODS, SR., CLERK
Ann D. Her D.C.

Withrow's, individually and d/b/a Allen and Withrow, Attorneys at Law, repeated violations of AFDCPA, FDCPA, invasion(s) of personal and financial privacy, malicious prosecution, abuse of process, and negligence regarding illegal efforts to collect a consumer debt.

4.      Defendant has suffered losses and damages in excess of the jurisdictional amount required for federal diversity jurisdiction.

5.      Venue is proper under A.C.A. § 16-60-101 and U.S.C. § 1391(b) and (c), in that the Plaintiffs are residents of Jefferson County, Arkansas and the incident complained of occurred in Jefferson County, Arkansas..

## **PARTIES**

6.      Plaintiffs, Donald T. Sneed, hereinafter referred to as "Mr. Sneed" and Estee Ann Sneed, hereinafter referred to as "Mrs. Sneed", are natural persons and residents of White Hall, Jefferson County, Arkansas, and are  "consumers" as defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2), and/or "any person" as defined by 15 U.S.C. § 1692d.

7.      Defendant Discover Bank, hereinafter referred to as "Discover," is an out-of-state FDIC insured Delaware State Bank.

8.      At the time of the incident described further herein, Henry "Gus" Allen and Lori Withrow were engaged in the business of debt collection and were doing business as Allen & Withrow, Attorneys at Law (hereinafter, "Defendants"). Allen & Withrow is a debt collection law firm in Little Rock, Arkansas attempting to collect a "debt," as defined in 15 U.S.C. § 1692a(5), and was/is authorized to conduct business in the State of Arkansas as a "debt collection/debt lawyer," as that term is defined by 15 U.S.C. § 1692a(6), and A.C.A.

2

§ 17-24-101, et seq.

9.      At all times relevant to this incident complained of herein, Defendants had an agent who was an employee, agent, servant or representative who was acting within the scope and duty of his/her employment, and the doctrine of *respondent superior* is invoked, and upon identification of the agent he/she may be added as an individual defendant. John Does 1-10 are those currently unknown employers, employees, agents, and/or others who are also responsible for Defendants actions. Mr. and Mrs. Sneed have attached hereto the affidavit attesting that the identities of John Does 1-10 are unknown pursuant to A.C.A. § 15-56-125.

## FACTS

10.      Defendants, and/or their employee, agent, servant, or representative caused to be filed a Complaint, hereinafter "the Complaint," against Mr. Sneed on behalf of Defendant Discover Bank on September 24, 2013 in the District Court of Jefferson County, Arkansas – Pine Bluff Division.

11.      Defendants, and/or their employee, agent, servant, or representative caused to be filed an Affidavit of Service in District Court on November 26, 2013 that stated that service upon Mr. Sneed was made by substitute service by leaving a copy at his dwelling house or usual place of abode with Linda Sneed. The Affidavit of Service further states that Linda Sneed is the wife of Mr. Sneed and was served upon her at 1605 Discovery Drive, White Hall, AR 71602. Said address is the dwelling house or usual place of abode of Mr. Sneed's parents, Linda and Donald L. Sneed, both of whom are now deceased.

12.      The Complaint states that the "Defendant purchased certain items with

3

extension of credit obtained on his/her Discover Card account." The cardmember agreement which governs the terms of and conditions of the account was attached as exhibit A to the Complaint. Nowhere in exhibit A are there any references to indicate the purpose of the items charged. Nowhere in exhibit A are there any references to Defendant's entering into any written or oral agreement with Plaintiff, other than his name and an incorrect address on a few pages. There are no signatures on the documents at all. The Complaint is attached hereto as Exhibit A.

13.     The time allowed for proper service and service of process under the Arkansas Rules of Civil Procedure ran on January 21, 2014.

14.     On January 23, 2014, Defendants moved for Default Judgment against Mr. Sneed alleging proper service by Defendants and a failure to respond by Mr. Sneed.

15.     On January 24, 2014 the District Court entered a Default Judgment against Mr. Sneed in favor of Defendants.

16.     On October 7, 2014, Defendants filed a Writ of Garnishment against Mr. Sneed and Union Pacific Corporation as the Garnishee.

17.     Defendants mailed a letter and a copy of the Writ of Garnishment to 1605 Discovery Drive in White Hall, AR 71602 on October 21, 2014.

18.     Linda Sneed, the owner of 1605 Discovery Drive and Mr. Sneed's mother died on October 16, 2014.

19.     In late October while going through his mother's home, tending to her affairs, Mr. Sneed and Mrs. Sneed found the October 21, 2014 letter from Defendants.

20.     Plaintiffs asked their attorney to contact Defendants to inform them of the

4

improper service and resulting default judgment. Mr. and Mrs. Sneed's attorney spoke with Defendants in early November 2014.

21.     In response to the conversation between the attorneys, Defendants sent Mr. and Mrs. Sneed's attorney a copy of the Writ of Garnishment in an attempt to collect the underlying debt. A letter from Defendants evidencing as such is attached hereto as Exhibit B.

22.     Mr. Sneed filed a Petition to Set Aside the Default Judgment and Writ of Garnishment on November 12, 2014 and provided Defendants with a copy of the Petition.

23.     The District Court entered an Order setting aside the Default Judgment and resulting Writ of Garnishment on November 17, 2014 for insufficient service of process. The Order is attached hereto as Exhibit C.

24.     A copy of the signed Order was sent to Defendants on November 19, 2014.

25.     On February 12, 2015, Defendants, now undeniably aware of the deficiency in its process and service of process, sent Mr. Sneed's attorney another letter attempting to collect the underlying debt alleging that "we have obtained a Judgment against you which is of public record, and may have created a lien against your property."

26.     Defendants apologized to Mr. Sneed's attorney when informed of Defendants mistake on February 19, 2015 and blamed the mistake on new software Defendant was using. A copy of the February 12, 2015 letter, as well as notes from Mr.

5

Sneed's attorney from the conversation with Defendants, is attached hereto as Exhibit
D.

27.     Defendant then filed a Writ of Garnishment on August 28, 2015 naming
Mr. Sneed and naming Simmons First National Bank as the Garnishee. A copy of the
Writ of Garnishment is attached hereto as Exhibit E.

28.     When Simmons First National Bank was made aware of the Writ of
Garnishment, it put an immediate twenty-four (24) hold on Mr. and Mrs. Sneed's
personal banking accounts.

29.     Defendants were made aware of Defendants' error by Mr. and Mrs.
Sneed's attorney and legal counsel for Simmons First National Bank and Defendants
sent an Order Dismissing Garnishee for the District Court to enter on September 15,
2015.

30.     On November 2, 2015, Defendants mailed Requests for Admission
Propounded to Mr. Sneed and Interrogatories and Requests for Production with regard
to the District Court case. These discovery requests are attached hereto as Exhibit F.

31.     Defendants never properly served Mr. Sneed.

32.     The time allowed for Defendant to properly serve Mr. Sneed had lapsed.

33.     Defendants have made several attempts, as outlined above, to use the
legal proceeding as an attempt to collect a debt.

34.     On November 30, 2015, Mr. Sneed filed a Motion to Quash the discovery
requests of Defendants and a Motion to Dismiss the case in District Court.

35.     In early December 2015, Defendants filed a ARCP 41(a) Motion in District

Court and the case was ordered dismissed on December 10, 2015. A copy of the Order of Dismissal is attached hereto as Exhibit G.

## COUNT ONE – AFDCPA and FDCPA

36.     Mr. and Mrs. Sneed claim damages from all Defendants except Discover Bank for violations of AFDCPA and FDCPA. Discover Bank is the entity who allegedly was owed a debt and is not considered a "debt collector" under AFDCPA or FDCPA.

37.     All of the above-described collection communications and activities by Defendants were made in violation of numerous and multiple provisions of the AFDCPA and FDCPA.

38.     This is a cause of action based on Defendants' willful and knowing violations of both the Arkansas and Federal Fair Debt Collection Practices Act, 15 USC § 1692 *et seq.* and ACA § 17-24-501 *et seq.* ("the FDCPA" and "the AFDCPA respectively), and the Defendants' abuse of process, and to seek and recover actual and statutory damages, injunctive relief, legal fees, and expenses against the Defendants.

39.     The above-detailed conduct by Defendants constituted unconscionable and harassing conduct in an effort to collect this frivolous, meritless, illegal and disputed alleged debt in violation of numerous and multiple provisions of the AFDCPA and FDCPA, as well as an invasion of Mr. and Mrs. Sneed's privacy by an intrusion upon seclusion and by revelation of private financial facts which resulted in actual damages to Mr. and Mrs. Sneed.

40.     The aforementioned series of abusive and illegal collection tactics, communications, and litigation by Defendants caused Mr. and Mrs. Sneed to suffer

7

extreme emotional distress and worry.

41.    The aforementioned conduct of Defendants was a false, deceptive, misleading, illegal and unconscionable practice, as Mr. Sneed did not owe the alleged consumer debt as sued upon.

42.    Defendants' repeated disclosures of false indebtedness in filings of public records and documents were an invasion of Mr. and Mrs. Sneed's privacy and their right to financial privacy.

43.    Defendants' repeated attempts to collect this debt from Mr. Sneed, a person whom did not owe this debt, was negligent, malicious prosecution, abuse of process, and an invasion of Mr. and Mrs. Sneed's privacy and their right to be left alone.

44.    Mr. and Mrs. Sneed have suffered actual damages as a result of these illegal collection activities of Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

45.    Mr. and Mrs. Sneed have suffered actual financial harm as a result of these illegal collection activities of Defendants as there was a hold placed on their banking accounts with a financial institution as a result of these illegal collection activities of Defendants and Mr. and Mrs. Sneed were denied access to their finances.

46.    Mr. and Mrs. Sneed have suffered, and continue to suffer embarrassment, humiliation, mental distress and emotional anguish as a result of the aforementioned specific acts or omission of mistaken, alleged and/or improperly asserted consumer debt, resulting in costs, expenses, and attorney fees to defend against Discover Bank and this

lawsuit.

## COUNT TWO – INVASION OF PRIVACY

47.     Mr. and Mrs. Sneed claim damages from all Defendants for invasion of privacy by intrusion upon Mr. and Mrs. Sneed's seclusion.

48.     Defendants violated Mr. and Mrs. Sneed's privacy in, among other ways: filing various and unlawful writs of garnishment against Mr. Sneed and causing them to be served upon previous employers and banking institutions and repeated attempts to use the legal process to unlawfully obtain information regarding Mr. and Mrs. Sneed.

49.     The false light in which Mr. Sneed was, and is currently being placed by Defendants, would be highly offensive to a reasonable person.

50.     At all times relevant, Mr. and Mrs. Sneed conducted themselves in a manner consistent with an actual expectation of privacy.

51.     As a result of the negative credit effects of the Defendants' report to the various national credit reporting services, Mr. and Mrs. Sneed have been denied credit or have not received a favorable interest rate.

52.     Defendants knew, or should have known, of the falsity of their credit charges and their reports to the credit bureau and/or acted in reckless disregard as to the truth and falsity of same, and were therefore aware of the false light in which Mr. and Mrs. Sneed would be placed in the publication of such.

53.     Mr. and Mrs. Sneed have suffered actual damages as a result of Defendants' invasion of their privacy in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well

9

as suffering from unjustified and abusive invasions of personal privacy.

54.     Mr. and Mrs. Sneed have suffered actual financial harm as a result of Defendants' invasion of their privacy as there was a hold placed on their banking accounts with a financial institution as a result of these illegal collection activities of Defendants and Mr. and Mrs. Sneed were denied access to their finances.

55.     Mr. and Mrs. Sneed have suffered, and continue to suffer embarrassment, humiliation, mental distress and emotional anguish as a result of the aforementioned specific acts or omission of mistaken, alleged and/or improperly asserted consumer debt, resulting in costs, expenses, and attorney fees to defend against Discover Bank and this lawsuit.

56.     Defendants intentionally intruded upon Mr. and Mrs. Sneed's solitude or seclusion and believed or were substantially certain that it lacked the necessary legal authority or personal permission, invitation, or valid consent to do so.

57.     Defendants' intrusion was a proximate cause of Mr. and Mrs. Sneed's above described damages and harm.

## COUNT THREE – MALICIOUS PROSECUTION

58.     Mr. and Mrs. Sneed claim damages from Defendants for malicious prosecution.

59.     Mr. and Mrs. Sneed have suffered actual damages as a result of Defendants' malicious prosecution in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

60.    Mr. and Mrs. Sneed have suffered actual financial harm as a result of Defendants' malicious prosecution as there was a hold placed on their banking accounts with a financial institution as a result of these illegal collection activities of Defendants and Mr. and Mrs. Sneed were denied access to their finances.

61.    Mr. and Mrs. Sneed have suffered, and continue to suffer embarrassment, humiliation, mental distress and emotional anguish as a result of the aforementioned specific acts or omission of mistaken, alleged and/or improperly asserted consumer debt, resulting in costs, expenses, and attorney fees to defend against Discover Bank and this lawsuit.

62.    Defendants caused the above referenced lawsuit against Mr. Sneed to be filed on behalf of Discover Bank.

63.    Those legal proceedings were terminated in the favor of Mr. Sneed in that they were non-suited once Mr. Sneed's attorney filed a Motion to Dismiss for lack of service. The proceedings were non-suited in an obvious attempt to avoid an Order to Dismiss with prejudice.

64.    Defendants did not have probable cause for continuing the proceedings.

65.    Defendants acted with improper or sinister motive in continuing the proceedings against Mr. Sneed.

66.    Defendants' acts were a proximate cause of Mr. and Mrs. Sneed's damages.

## COUNT FOUR – ABUSE OF PROCESS

67.    Mr. and Mrs. Sneed claim damages from Defendants for abuse of process.

11

68.    Mr. and Mrs. Sneed have suffered actual damages as a result of Defendants' abuse of process in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

69.    Mr. and Mrs. Sneed have suffered actual financial harm as a result of Defendants' abuse of process as there was a hold placed on their banking accounts with a financial institution as a result of these illegal collection activities of Defendants and Mr. and Mrs. Sneed were denied access to their finances.

70.    Mr. and Mrs. Sneed have suffered, and continue to suffer embarrassment, humiliation, mental distress and emotional anguish as a result of the aforementioned specific acts or omission of mistaken, alleged and/or improperly asserted consumer debt, resulting in costs, expenses, and attorney fees to defend against Discover Bank and this lawsuit.

71.    Defendants set in motion the above referenced legal proceeding directed at Mr. Sneed.

72.    The proceeding was used to accomplish an ulterior purpose for which it was not designed when, among other things, after having its default judgment set aside, Defendants continued to try to use the legal proceeding in an attempt to collect a debt from Mr. and Mrs. Sneed.

73.    Defendants willfully used process in a manner not proper in the regular conduct of the proceeding.

74.    Defendants' acts were a proximate cause of Mr. and Mrs. Sneed's

12

damages.

## JURY TRIAL

75.     Mr. and Mrs. Sneed demand a jury trial on the allegations pled herein.

WHEREFORE, Plaintiffs, Donald T. and Estee Ann Sneed pray for relief from

Defendants Discover Bank, Henry "Gus" Allen and Lori E. Withrow, individually and d/b/a

Allen & Withrow, and John Does 1-10 for:

a.      General damages according to proof;

b.      Specific damages according to proof;

c.      Punitive damages according to proof;

d.      Statutory damages according to proof pursuant to 15 U.S.C. § 1692k and

A.C.A. § 17-24-512;

e.      A reasonable attorneys' fee and costs of the suit herein; and

f.      Any and all other relief as this Court may deem proper.

Respectfully submitted,

PLAINTIFFS
Donald T. and Estee Ann Sneed

By:     _____
Wm. Kirby Mouser
Attorneys at Law
BAIM, GUNTI, MOUSER
& WORSHAM, PLC
P.O. Box 5100
Pine Bluff, AR 71611
(870) 534-2941